# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARLENE AGUILAR-GILES, | Case No. 2:17-cv-03096-APG-CWH |
| Plaintiff, | |
| v. | **ORDER** |
| CARDENAS MARKETS, INC., | |
| Defendant. | |

Presently before the court is plaintiff Marlene Aguilar-Giles' motion for attorney's fees (ECF No. 20), filed on June 26, 2018. Defendant Cardenas Markets, Inc. filed a response (ECF No. 22) on June 20, 2018. Plaintiff filed a reply (ECF No. 23) on June 26, 2018.

**I.  BACKGROUND**

This case arises from an alleged slip and fall at Cardenas Markets in Las Vegas, Nevada. (Compl. (ECF No. 1).) Plaintiff alleges that while shopping at the store, she slipped and fell on a liquid substance and sustained injuries. (*Id.*) On May 31, 2018, this court held a hearing on plaintiff's motion to compel. (Mins. of Proceedings (ECF No. 18).) The court granted plaintiff's motion to compel and awarded plaintiff attorney's fees for the preparation of the motion, the reply, and the court appearance. (*Id.*; *see also* Tr. (ECF No. 19) ¶ 8-18.) The court also ordered plaintiff's counsel and defendant's counsel to meet and confer regarding the fee amount. (Mins. of Proceedings (ECF No. 18).)

Plaintiff now moves for attorney's fees in the amount of $4,060.00, reflecting 20.3 hours of work. (Mot. for Attorneys Fees (ECF No. 20).) Defendant responds contesting the number of hours plaintiff's counsel expended on the motion to compel and claims that plaintiff's counsel failed to identify which attorney performed the work in the submitted billing entries. (Resp. (ECF

No. 22).) Plaintiff's reply requests that the court impose sanctions on defendant's counsel for failing to meet and confer in good faith. (Reply (ECF No. 23).)

## II. DISCUSSION

The court should only award attorney's fees that it deems reasonable. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). Courts typically use a two-step process when determining fee awards. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the court calculates the lodestar "by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996).; *see also McGrath v. County of Nevada*, 67 F.3d 248, 252 (9th Cir. 1995). The requesting party "has the burden of submitting billing records to establish that the number of hours it has requested are reasonable." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). The court should exclude from the lodestar calculation hours that were not "reasonably expended," including hours that are "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *see also Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006). Second, although the lodestar is presumptively reasonable, the court may adjust the lodestar amount based on the *Kerr* factors[1] to account for factors that have not been subsumed in the lodestar calculation. *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 982 (9th Cir. 2008).

In addition to the two-step process, Local Rule 54-14(b)(1) requires that the motion for attorney's fees include "[a] reasonable itemization and description of the work performed." The motion must also include a brief summary of:

---

[1] The *Kerr* factors include:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

  (A) The results obtained and the amount involved;
  (B) The time and labor required;
  (C) The novelty and difficulty of the questions involved;
  (D) The skill requisite to perform the legal service properly;
  (E) The preclusion of other employment by the attorney due to acceptance of the case;
  (F) The customary fee;
  (G) Whether the fee is fixed or contingent;
  (H) The time limitations imposed by the client or the circumstances;
  (I) The experience, reputation, and ability of the attorney(s);
  (J) The undesirability of the case, if any;
  (K) The nature and length of the professional relationship with the client;
  (L) Awards in similar cases; and
  (M) Any other information the court may request.

LR 54-14(b)(3)(A-M). Failure to provide the necessary information "may be deemed a consent to the denial of the motion." LR 54-14(d).

  Here, the court ordered the parties to meet and confer regarding the amount of attorney's fees. Plaintiff's counsel, Mark Hutchings, asserts that the issue of attorney's fees was discussed the day before the motion for fees was due, and that opposing counsel did not disagree with Hutchings' hourly rate. Defendant concedes that counsel, Michael Lowry, did not object to the hourly rate, but that he did object to the 20.3 hours plaintiff's counsel expended on the motion to compel. Defendant also states that plaintiff's counsel failed to disclose until the meeting that a contract attorney contributed to the motion to compel. Defendant further argues that Hutchings' billing records fails to delineate which billing entries belongs to the contract attorney, thus making it difficult to determine if the hours expended and hourly rate are reasonable. Lastly, defendant argues that plaintiff's counsel may only collect $1,680.00 in fees from 8.4 hours of work. Plaintiffs also argue that plaintiff's counsel would have accepted the $1,680.00 in attorney's fees had Lowry possessed the authority to make such an offer during their discussion.

  Having reviewed Hutchings' motion for attorney's fees, the court finds that the motion does not comply with Local Rule 54-14(d). The motion fails to provide any of the required information for contributing attorneys other than Hutchings. The necessary information missing includes the experience, reputation and ability of the attorneys involved. Further, the billing records fails to name the attorney who completed the entry. Without this information, the court is

unable to determine whether entries are duplicative. The court will therefore deny this motion without prejudice. Any future motion for attorney's fees must comply with Local Rule 54-14(d).

Lastly, the court ordered the parties to meet and confer regarding the amount of attorney's fees at the May 31, 2018 hearing. Based on the representations from both plaintiff's counsel and defendant's counsel, the parties were unable to engage in a substantive discussion regarding the fee amount. Further, plaintiff indicates that a productive meet and confer session may have resolved this dispute without judicial intervention. Therefore, the court orders that plaintiff's counsel meet and confer with defense counsel prior to refiling any future motion for attorney's fees. The court also denies plaintiff's request to sanction opposing counsel.

### III. CONCLUSION

IT IS THEREFORE ORDERED that plaintiff Marlene Aguilar-Giles' motions for attorney fees (ECF No. 20) is DENIED without prejudice.

IT IS FURTHER ORDERED that plaintiff's counsel must meet and confer with defense counsel prior to refiling any motion for attorney's fees. A refiling of this motion must include adequate documentation that counsel met and conferred in a meaningful attempt to resolve this matter without judicial intervention.

IT IS FURTHER ORDERED that any future motion for attorney's fees must comply with Local Rule 54-14(d).

DATED: January 15, 2019

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE